UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM A GERO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-1890 |
| § | |
| COCA-COLA SOUTHWEST § | |
| BEVERAGES LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and Allow Permissible Joinder of Non-Diverse Parties. (Dkt. 18) After careful review of the pleadings, motions, and case law, the motion is **GRANTED**. The case is remanded back to the 11th Civil District Court of Harris County.

### I.  FACTUAL AND PROCEDURAL HISTORY

This case was originally filed in the 11th District Court of Harris County, Texas. (Dkt. 1 at Ex. B-1) The plaintiff, William Gero ("Gero") alleges that on October 8, 2019, he was struck by a forklift while making a delivery to Defendant Coca Cola Southwest Beverages, LLC's ("Coca Cola") facility. (Dkt. 1-B-1 at pp. 2–3) Gero's Original Petition noted that he was a Texas citizen, named the unknown forklift driver as a "John Doe" defendant, and indicated that he planned to add the driver as a defendant once his identity was ascertained through discovery. (Dkt. 1-B-1 at p. 2)

On May 29, 2020, Coca-Cola removed this case to federal court based on diversity jurisdiction. (Dkt. 1 at p. 1) On July 22, 2020, Coca-Cola served its Supplemental Initial Disclosures, which identified the forklift driver as Jonathan Scott ("Scott"), an individual residing at 910 Hackberry, LaPorte, Texas. (Dkt. 18-A at p. 1) Gero now seeks leave to file his First Amended Complaint and join Scott as a non-diverse defendant, add direct negligence claims against Coca-Cola, and have this case remanded to state court. (Dkt. 18 at p. 10)

## II.     APPLICABLE LAW

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If the court grants the joinder of a non-diverse party, it must remand the case to state court; if the court denies the joinder, it cannot remand. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In using its discretion to decide whether a non-diverse party should be allowed to be joined, a district court should consider a number of factors including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment. *Id*. Accordingly, the Court will examine the record and pleadings in this case under the *Hensgens* factors below.

## III.    ANALYSIS

**A.    The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction**

In determining whether the purpose of amendment is to defeat federal jurisdiction, courts consider "whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff states a valid claim against the non-diverse defendant." *Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp. 3d 719, 726 (S.D. Tex. Dec. 16, 2016) (Miller, J.). Generally, courts have found that the existence of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. Conversely, if the plaintiff knew or should have known the nondiverse defendant's identity at the time of the lawsuit's original filing in state court, many courts have suggested that the plaintiff's intent was to frustrate diversity jurisdiction. *Id*. (citing *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010) (Hacker, J.).

Here, Gero made diligent efforts to ascertain the identity of the nondiverse party prior to filing his original complaint in state court by emailing Coca-Cola twice to ask for the employee's name, to no avail. (Dkt. 18 at Ex. C) When he was unsuccessful in determining the forklift operator's identity, Gero named the operator as a "John Doe" defendant and indicated that he intended to join the operator once his name was established through discovery. (Dkt. 1-B-1 at p. 2) There is no evidence to suggest that Gero knew or should have known Scott's identity at the time the lawsuit was filed.

In considering whether the purpose of joinder is to defeat subject matter jurisdiction, courts also consider whether the plaintiff possesses a valid claim against the

nondiverse defendant. *Richardson*, 192 F. Supp. 3d at 726. The existence of a viable claim suggests that the purpose of a proposed amendment is not to defeat diversity. *Id*. Under Texas law, employees are personally liable for torts that they commit during their employment. *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Although the fact that an employee is acting within the scope of his employment may impute liability to his employer, it does not relieve the employee of his personal liability for the tort. *Mayflower Inv. Co. v. Stephens*, 345 S.W.2d 786, 795 (Tex. Civ. App.—Dallas 1960, writ ref'd n.r.e.). Individual liability arises when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty, such as the duty of reasonable care that an employee owes to the general public. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). As an example, an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment." *Id*.

Here, Gero alleges that Scott "negligently and recklessly drove the forklift into William Gero and caused the forklift to violently strike and injure Mr. Gero." (Dkt. 18-B at para. 5). Gero also alleges that "Scott's negligent operation of the forklift in question created the dangerous situation that caused Mr. Gero's injuries." (Dkt. 18 at pp. 7–8). If proven, these facts could demonstrate that Scott is directly liable to Gero.

Coca-Cola does not contest that Gero did not know and did not have reason to know Scott's identity prior to filing his case, nor do they contest that Gero may have a valid claim against Scott. Rather, they argue that because Coca-Cola has stipulated that Scott was in the course and scope of his employment at the time of the incident and

because Coca-Cola is solvent and has agreed to be responsible for Scott's negligence, the only possible reason for Gero's desire to join Scott is to defeat diversity jurisdiction. (Dkt. 20 at p. 5) Furthermore, Coca-Cola asserts that because Scott lives in LaPorte, Texas, within the subpoena powers of the Court, joinder is not required to ensure Scott's participation in the litigation. (Dkt. 20 at p. 6)

Although Coca-Cola undoubtedly has sufficient assets in its coffers to pay any judgment against Scott, Gero still has an interest in asserting his valid negligence claim against Scott in his individual capacity. Accordingly, this factor weighs in favor of permitting Gero to amend his complaint despite Coca-Cola's resources and the Court's subpoena power.

### B. Whether Gero Has Been Dilatory in Asking for the Amendment

Both parties acknowledge that Gero has not been dilatory in asking for an amendment. (Dkt. 18 at p. 8; Dkt. 20 at p. 6) Less than two weeks after discovering Scott's identity in Coca-Cola's supplemental initial disclosures on July 22, 2020, Gero filed a pre-motion conference request in accordance with the Court's procedures seeking leave to amend his complaint and join a nondiverse party. (Dkt. 12) This factor clearly weighs in favor of allowing Gero to amend his complaint.

### C. Whether Gero Will Be Significantly Injured if Amendment Is Not Allowed

Under *Hensgens,* the Court must also consider whether the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. For this factor, courts consider "whether a plaintiff can be afforded complete relief in the absence

of the amendment." *Loewe v. Singh*, Civ. A. No. H-10-1811, 2010 U.S. Dist. LEXIS 86416, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). Courts also look to whether to obtain this relief "the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling*, 2012 U.S. Dist. LEXIS 20791, 2012 WL 534838, at *4.

Here, Gero would not be significantly injured because even if the amendment is denied, Gero can receive all the relief he seeks from this court. Coca-Cola has stipulated that Scott was in the course and scope of his employment at the time of the incident and that they are vicariously liable for Scott's actions. Thus, Gero would not be deprived of any necessary liability findings if Scott were not allowed to be joined. Furthermore, Coca-Cola would be able to satisfy any award of damages in this case. (Dkt. 20 at pp. 7–8) Accordingly, disallowing Scott's joinder would not deprive Gero of completely recovering his alleged damages in this court and this factor does not weigh in favor of permitting Gero to amend his complaint.

### D. Any Other Factor Bearing on the Equities of Remanding the Case to State Court

Because the claims in this case are based on state law, Coca-Cola is not likely to suffer any prejudice should the case be remanded back to state court. *See SPP SWD Burns Ranch, LLC v. Kent*, No. 5:14-CV-88 2014 WL 12620828, at *5 (S.D. Tex. Sept.

17, 2014), *report and recommendation adopted*, 5:14-cv-88, 2015 WL 12841097 (S.D. Tex. Jan. 8, 2015).

Coca-Cola argues that the fact that the case is already underway in the federal forum and the fact that they have already subpoenaed Scott's employer, Marten Transport, Ltd. ("Marten Transport"), an out-of-state company, weighs in favor of denying the motion to amend. (Dkt. 20 at p. 9) They assert that the process of obtaining documents by subpoena from an out-of-state non-party is more onerous in state court than it would be in federal court. (Dkt. 20 at p. 9) The Court finds these arguments unpersuasive.

This case is still in its early stages in this forum—a docket control order was entered on September 17, 2020 and sets the end of the discovery period for August 20, 2021. (Dkt. 19 at p. 2) Notably, Gero filed his pre-motion conference request for leave to file his first amended complaint on August 3, 2020, before the Court set the initial scheduling conference. (Dkt. 12) When Coca-Cola sent their subpoena to Marten Transport on August 24, 2020, Coca-Cola knew that Gero intended to add Scott as a nondiverse defendant when his identity was ascertained because Gero had stated as much in his complaint. (Dkt. 20-C; Dkt. 1-B-1 at p. 2). Although whether substantive discovery has begun can be a factor that courts consider in deciding whether to allow joinder, Gero made every effort to determine Scott's identity before discovery began but Coca-Cola was uncooperative. *See generally Appliance Alliance, LLC v. Sears Home Appliance Showrooms, LLC*, No. 3:15-cv-01707-M, 2015 WL 9319179 (N.D. Tex. Dec. 23, 2015). Accordingly, the fact that Gero was not able to amend his complaint until he received

Coca-Cola's initial disclosures should not be weighed against him in deciding whether to permit the requested amendment. The Court finds that all of the factors discussed above, when considered together, weigh in favor of permitting Gero to amend his complaint.

## IV. CONCLUSION

Having considered the relevant factors, the Court finds that they weigh in favor of granting Gero's motion to amend his complaint to add the nondiverse party. Accordingly, Gero's Motion for Leave to File First Amended Complaint and Allow Permissible Joinder of Non-Diverse Parties (Dkt. 18) is **GRANTED.** The case is remanded back to the 11th Civil District Court of Harris County.

SIGNED at Houston, Texas, this 28th day of January, 2021.

_____
**GEORGE C. HANKS, JR.**
**UNITED STATES DISTRICT JUDGE**